UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THOMAS COOK, Father and Next of Kin of ALAN T. COOK,<br>    Plaintiff,<br><br>  v.<br><br>DAVID LAIN, SHERIFF OF PORTER COUNTY, PORTER COUNTY INDIANA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  CAUSE NO. 2:10-CV-411-PRC<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant Porter County, Indiana's Motion to Dismiss Plaintiff's First Amended Complaint in Part [DE 19], filed on December 14, 2010.

Plaintiff filed his Complaint in this matter in the Porter Superior Court on September 17, 2010, against Porter County, Indiana, and David Lain, Porter County Sheriff. Defendant Porter County, Indiana removed the matter to this Court on October 14, 2010. Plaintiff filed a First Amended Complaint against the same defendants on December 2, 2010, alleging that Decedent Alan Cook, while incarcerated at the Porter County Jail, was denied necessary medical care, resulting in his death from Crohn's Disease on November 26, 2009. On December 14, 2010, Defendant Porter County, Indiana, filed the instant motion to dismiss, seeking dismissal of all claims against Defendant Porter County, Indiana, as an improper defendant. No response brief was filed, and the time to do so has passed.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 129 S. Ct. at 1949-50; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

In the instant motion, Defendant seeks the dismissal of Defendant Porter County, Indiana, as an improper defendant. Defendant argues that Porter County, Indiana, is not responsible for the actions of the Porter County Sheriff's Department or its agents. As noted above, Plaintiff has not submitted a response in opposition to the motion or otherwise addressed this argument. Under Indiana law, the county jail is administered and operated by the county sheriff. *See* Ind. Code § 36-2-13-5(a)(7); *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356-57 (Ind. Ct. App. 1994); *see also Bailey v. Davis*, No. 1:09-CV-219; 2010 WL 1049928, at * 2 (N.D. Ind. Mar. 16, 2010); *Hodge v.*

2

*County of Delaware*, No. 1:09-CV-519, 2009 WL 3415131, at * 3 n. 2 (S.D. Ind. Oct. 16, 2009); *Coulter v. Freeman*, No. 2:08-CV-7, 2008 WL 1882812, at * 3 (N.D. Ind. Apr. 23, 2008). Although the county has a duty to maintain its jail by keeping it open for use and in good repair, it is not responsible for "administering the manner of an inmate's incarceration." *Weatherholt*, 639 N.E.2d at 356; *see also* Ind. Code § 36-2-2-24. Moreover, "[i]t is well settled that Indiana Sheriffs are not subject to the control or authority of the County Commissioners of the county in which they hold office." *Hupp v. Hill*, 576 N.E.2d 1320, 1226 (Ind. Ct. App. 1991).

Plaintiff's First Amended Complaint alleges that Defendant David Lain and the Porter County Jail were negligent in the medical care provided to the Decedent during his incarceration at the Porter County Jail, constituting deliberate indifference in violation of Decedent's Eighth Amendment rights. There are no allegations in this case that Porter County failed to maintain the jail, keep it open, or keep it in good repair. Accordingly, Porter County is not a proper defendant in this case, and the Motion to Dismiss Defendant Porter County, Indiana is granted.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Porter County, Indiana's Motion to Dismiss Plaintiff's First Amended Complaint in Part [DE 19]. The Court hereby **ORDERS** that the First Amended Complaint against Defendant Porter County, Indiana is **DISMISSED**. The claims against David Lain, Sheriff of Porter County, **REMAIN PENDING**.

So ORDERED this 24th day of January, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record